IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHARLES E. JARRETT,

            Plaintiff,

v.                                              Case No. 3:21-cv-00631

JUSTIN PONTON, and
TERRY MARTIN,

            Defendants.

PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff filed this *pro se* civil action on December 3, 2021, seeking reimbursement of money he sent to the Newness of Life addiction recovery program. (ECF No. 1 at 3-4). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, the undersigned **FINDS** that this Court lacks subject matter jurisdiction over the claim asserted; therefore, the complaint should be dismissed.

I.    **Relevant Facts**

Plaintiff alleges that in January 2020 he was sentenced to the Newness of Life program by the Honorable Carrie Webster, Judge, Circuit Court of Kanawha County, West Virginia. When Plaintiff arrived at the Newness of Life facility, he found the living conditions to be substandard; therefore, he left the facility. (*Id.* at 3). Plaintiff claims that

1

he had paid $600 in advance to Newness of Life to provide proper food, shelter, and rehabilitation. However, he did not receive anything in exchange for his money. Plaintiff asks the Court to order Defendant Justin Ponton, who is the director and owner of the Newness of Life program, to return the $600 to Plaintiff. Plaintiff identifies Defendant Terry Martin as a "pre employee," but includes no allegations regarding Mr. Martin in the complaint.

## II.    Discussion

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)). When federal subject matter jurisdiction is lacking, the district court should *sua sponte* dismiss the case. *Davis v. Pak,* 856 F.2d 648, 650 (4th Cir. 1988) ("It is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority."); *see also Greene v. Joyner,* No. JFM-17-688, 2017 WL 1194175, at *2 (D. Md. Mar. 30, 2017) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010)). ("A district court has 'an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it.'").

There is no presumption that a federal district court has subject matter jurisdiction over a dispute. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999).

Instead, the existence of jurisdiction depends upon the allegations contained in the complaint. *Id.* (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936) (holding "the party who seeks the exercise of jurisdiction in his favor ... must allege in his pleadings the facts essential to show jurisdiction")). The mere assertion of a federal claim is insufficient to establish subject matter jurisdiction. *Davis,* 856 F.2d at 650.

Subject matter jurisdiction in the United States District Courts exists in one of two circumstances: (1) when a "federal question" is presented, or (2) when there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. If jurisdiction is premised upon on a federal question, the plaintiff must "assert a *substantial* federal claim." *Lovern,* 190 F.3d at 654 (quoting *Davis,* 856 U.S. at 650). The "doctrine of substantiality is especially important where a wholly frivolous federal claim serves as a pretext to allow a state-law issue, the real focus of the claim, to be litigated in the federal system." *Id.* at 655 (citing *Davis,* 856 U.S. at 651).

Here, Plaintiff asserts a straightforward breach of contract claim against a privately owned and operated addiction recovery center. There are no allegations in the complaint that raise a federal question, "nor is any type of federal question jurisdiction otherwise evident from the face of the complaint." *Powell v. Cape Fear Valley Hosp.*, No. 5:14-CV-160-BO, 2014 WL 2505646, at *2 (E.D.N.C. June 3, 2014). The complaint is devoid of reference to an underlying federal statute or constitutional provision that would confer subject matter jurisdiction in this Court. As such, the undersigned **FINDS** that this Court does not have subject matter jurisdiction over the complaint based on a "federal question."

Given that Plaintiff's complaint does not raise a federal question, this Court's jurisdiction over the complaint is only proper "if the amount in controversy exceeds $75,000 and there is complete diversity of citizenship, pursuant to 28 U.S.C. § 1332." *Shelton v. Crookshank*, No. 3:17-CV-108, 2018 WL 527423, at *2 (N.D.W. Va. Jan. 24, 2018), *aff'd as modified,* 742 F. App'x 782 (4th Cir. 2018). Complete diversity of citizenship means that there is no plaintiff and no defendant in the case who are citizens of the same State. In a case with one plaintiff and more than one defendant, the presence of a single defendant from the same State as the plaintiff "deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553, (2005) (citations omitted).

In the complaint, Plaintiff indicates that he is an inmate at the Northern Regional Jail in Moundsville, West Virginia. Although he does not provide addresses for both of the defendants, he states that his payment was made to an addiction recovery facility located in Huntington, West Virginia, and that Defendant Ponton's address is 2210-2212 Ninth Avenue in Huntington. A review of the West Virginia Secretary of State's Business Entity database confirms that Defendant Ponton lists his address as 2210 Ninth Avenue, Huntington, West Virginia. In view of this information, and regardless of Mr. Martin's address, there is not complete diversity of citizenship between Plaintiff and Defendant Ponton necessary to confer subject matter jurisdiction in this Court. Moreover, the amount in controversary is $600—well below the $75,000 minimum required by statute to vest subject matter jurisdiction in a federal district court. Consequently, the undersigned **FINDS**, that in the absence of a federal question, diversity of citizenship, and the jurisdictional minimum amount in dispute, this Court lacks subject matter

jurisdiction over the complaint, and it should be dismissed. Plaintiff is advised that he may consider bringing his breach of contract claim in the Magistrate or Circuit Court of Cabell County, West Virginia, as those state courts likely have jurisdiction over the subject matter contained in his complaint.

### III.    Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings herein and **RECOMMENDS** that Plaintiff's Complaint, (ECF No. 1), be **DISMISSED** for lack of subject matter jurisdiction, and this action be **REMOVED** from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Federal Rules of Civil Procedure 6(d) and 72(b), Plaintiff shall have fourteen days (for filing of objections) plus an additional three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727

F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:** December 9, 2021

_____
Cheryl A. Eifert
United States Magistrate Judge